IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCHILEW JEMBER, FEREDE NEGASH, LEILTI MESFIN, AND LUNCH BOX RESTAURANT,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION F.A., WORLD LENDING GROUP, BANK OF THE WEST, SHUMEY MAMO, HAYWARD R. COOK, JR., JENNIFER LARGET, MIGUEL MONERO, EDWARD GUNTHER, AND BARBARA BRANN,<br><br>　　　　Defendants.　　　　　　　　／ | No. C 05-00825 WHA<br><br>**ORDER DENYING EX PARTE APPLICATION FOR PRELIMINARY RELIEF REGARDING PLAINTIFFS' CREDIT HISTORY** |

　　　Pro se plaintiffs have submitted an *ex parte* request for a court order to clear damaging evidence from their credit history. This motion is **DENIED**.

　　　To obtain preliminary injunctive relief, the moving party must demonstrate *either* (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor. *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). These are not two separate tests. Rather, "[t]his analysis creates a continuum: the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 917–18 (9th Cir. 2003).

Defendant Downey Savings and Loan Association, F.A. is alleged to have breached a lending agreement and created a "false public record" that has adversely affected plaintiffs' credit history and caused their monthly payments to increase from $1299.69 to $3400.00 (Br. 3).  Plaintiffs now seek a court order to remove the allegedly damaging information from their credit reports.  Preliminary relief, however, cannot be granted merely on the basis of plaintiffs' conclusory allegations.  At this early stage of litigation, it is not particularly surprising that plaintiffs have failed to put forth sufficient evidence that they are likely to succeed on the merits.  Accordingly, the requested relief is **DENIED**.

Nonetheless, the Court is somewhat troubled by defendant's threat of adding "new attorneys' fees and costs to [plaintiffs'] loan balance" if the complaint is not dismissed (Jember Decl. Exh. E).  Defendants' counsel shall be prepared to address this issue at the case management conference currently scheduled for **AUGUST 18, 2005 AT 11:00 A.M.**  Any motions filed thereafter shall be on the normal 35-day calendar pursuant to the Civil Local Rules.  The parties are reminded for the second time that all future filings shall bear the initials WHA (not EDL) immediately after the case number.

**IT IS SO ORDERED.**

Dated: August 4, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2