1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    ASCHILEW JEMBER, FEREDE NEGASH,              No. C 05-00825 WHA
      LEILTI MESFIN, AND LUNCH BOX
11    RESTAURANT

12              Plaintiffs,

13    v.                                           **ORDER (1) GRANTING
                                                   JUDGMENT ON PLEADINGS
14    DOWNEY SAVINGS AND LOAN                      AS TO FEDERAL CLAIMS;
      ASSOCIATION F.A., WORLD LENDING              (2) DISMISSING ALL CLAIMS
15    GROUP, BANK OF THE WEST, SHUMEY              AGAINST UNSERVED
      MAMO, HAYWARD R. COOK, JR.,                  DEFENDANTS; AND
16    JENNIFER LARGET, MIGUEL MONERO,              (3) REMANDING STATE CLAIMS**
      EDWARD GUNTHER, AND BARBARA
17    BRANN,

18              Defendants.

19    _____/

20                                 **INTRODUCTION**

21           In this civil-rights action, defendants have filed three separate motions to dismiss the

22    complaint pursuant to FRCP 12(b)(6).  Because answers have already been filed, this order shall

23    treat these as motions for judgment on the pleadings pursuant to FRCP 12(c).  Judgment for

24    defendants is **GRANTED** as to plaintiffs' federal claims.  As the Court declines to exercise

25    supplemental jurisdiction over the remaining claims under state law, these are **REMANDED**.

26                                  **STATEMENT**

27           Plaintiffs, acting pro se, filed their complaint in Alameda County Superior Court on

28    January 25, 2005.  The complaint alleged: (1) deprivation of equal rights in violation of

      42 U.S.C. 1981; (2) retaliation; (3) criminal conspiracy; (4) deprivation of civil rights in

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   violation of California Civil Code § 51; (5) defamation; (6) invasion of privacy; (7) punitive

2   damages; (8) breach of contract; and (9) request for temporary restraining order and permanent

3   injunction.  Defendants removed the action on February 25, 2005.

4          This lawsuit appears to concern the refinancing of a loan to one or more plaintiffs.

5   Defendant Downey Savings and Loan was the lender.  Defendant World Lending Group was

6   the loan broker.  (Defendants argue that plaintiff Aschilew Jember does not have standing

7   because the only two signatories to this loan were Ferede Negash and his wife Leilti Mesfin.)

8   Plaintiffs Ferede Negash and Leilti Mesfin, doing business as the Lunch Box Restaurant, also

9   had an unrelated bank account with defendant Bank of the West.  Their dispute with Bank of

10  the West appears to be completely separate from the refinancing transaction.  Each of these

11  defendants, on behalf of themselves and their employees also individually named as defendants,

12  now separately move to dismiss the complaint.

13         It is difficult to discern exactly what the factual allegations are.  Around February 2004,

14  plaintiffs made arrangements with employees of World Lending Group to refinance a property

15  at 460 Leigh Avenue in San Jose, California (Compl. ¶ 7).  Around April 26, 2004, plaintiffs

16  entered into a contract with Downey Savings and Loan for a principal loan in the amount of

17  $390,000 (*id.* ¶¶ 8–9).  This agreement included a "right to cancel" the loan on or about

18  April 30, 2004, which was exercised by Downey Savings and Loan and World Lending Group

19  on May 11, 2004 (*id.* ¶¶ 11–12).  The parties entered into a second loan agreement for the

20  amount of $401,760 "with consent," after which plaintiffs demanded immediate cancellation;

21  defendants refused and continued "to manipulate the loan in violation of plaintiffs' rights and in

22  breach of the contract" (*id.* ¶¶ 13–14).  The loan documents were not appended as exhibits to

23  the complaint.  In an apparently separate dispute that seems to raise no federal question,

24  defendant Bank of the West is accused of taking money "from the Lunch Box Restaurant

25  account which [total] over $10,1000.00 [sic] from September 2004 to the present."

26         Defendants are collectively alleged to have "breached contractual agreements" and

27  violated plaintiffs' constitutional rights "by their discriminatory policies and based on

28  discriminatory practices" (*id.* ¶ 20).  Plaintiffs further accuse defendants of having "an

1   established policy and bank practices to [sic] designed to discriminate [against] minority

2   people" (*id.* ¶ 21).

3                     **ANALYSIS**

4       "After the pleadings are closed but within such time as not to delay the trial, any party

5   may move for judgment on the pleadings."  FRCP 12(c).  A motion for judgment on the

6   pleadings is evaluated according to virtually the same legal standard as a motion to dismiss

7   pursuant to FRCP 12(b)(6), in that the pleadings are construed in the light most favorable to the

8   non-moving party.  *Brennan v. Concord EFS, Inc.*, 369 F. Supp.2d 1127, 1130–31 (N.D. Cal.

9   2005).  "Conclusory allegations of law and unwarranted inferences" are insufficient to defeat a

10   Rule 12 motion.  *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  As to

11   factual allegations, those of the non-moving party are accepted as true, while the allegations of

12   the moving party are assumed to be false.  *Hal Roach Studios, Inc. v. Richard Feiner and Co.*,

13   896 F.2d 1542, 1550 (9th Cir. 1990).  Judgment on the pleadings is proper when the moving

14   party clearly establishes on the face of the pleadings that no material issue of fact remains to be

15   resolved and that it is entitled to judgment as a matter of law."  *Ibid.*   Matters outside the

16   pleadings should not be considered; otherwise, the motion must be treated as a summary

17   judgment motion.  FRCP 12(c).  No matters outside the pleadings were considered here.

18       This order will focus on plaintiffs' claims under federal law.  Plaintiffs' first claim

19   alleges a civil-rights violation under 42 U.S.C. 1981.  This section provides in relevant part:

20          "All persons within the jurisdiction of the United States shall have the same
right in every State and Territory to make and enforce contracts . . . as is
enjoyed by white citizens, and shall be subject to like punishment, pains,
penalties, taxes, licenses, and exactions of every kind, and to no other. . . . The
rights protected by this section are protected against impairment by
nongovernmental discrimination and impairment under color of State law."

24   Although § 1981 encompasses private as well as governmental action, it still requires proof of

25   intentional racial discrimination.  *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375,

26   387–88 (1982).  Here, the factual allegations concerning defendants' policies of racial

27   discrimination are sparse.  Aside from conclusory allegations that one or more defendants had

28   policies "designed to discriminate [against] minority people," the complaint contains no further

**United States District Court**
For the Northern District of California

1    information as to which defendant(s) had discriminatory policies or what those policies were

2    (Compl. ¶ 21).  This is insufficient to defeat a Rule 12 motion.

3        Plaintiffs' third claim alleges criminal conspiracy in violation of 42 U.S.C. §§ 1981,

4    1983 and 1985.  Section 1983 provides that:

5        "Every person who, under color of any statute, ordinance, regulation, custom,
         or usage, of any State or Territory or the District of Columbia, subjects, or
6        causes to be subjected, any citizen of the United States or other person within
         the jurisdiction thereof to the deprivation of any rights, privileges, or
7        immunities secured by the Constitution and laws, shall be liable to the party
         injured."
8
9    Section 1985(3) prohibits conspiring for the purpose of depriving a person or class of persons of

10   the rights and privileges belonging to a citizen of the United States. Putting aside the problem

11   that there is no alleged act "under color of state law," the complaint failed to allege sufficient

12   facts to state a claim under either section.  *See Sykes v. State of Calif. (Dep't of Motor Vehicles)*,

13   497 F.2d 197, 200 (9th Cir. 1974)(enumerating the factors which must be alleged under both

     § 1983 and § 1985).
14
15       In any event, plaintiffs own allegations suggest that the "right to cancel" provision

16   applied to the first agreement for $390,000, not the second agreement for $401,760 (*id.* ¶ 11).

17   Furthermore, the complaint alleges that the second loan agreement was executed "with consent"

     (*id.* ¶ 13).  Nowhere is it alleged that plaintiffs were denied their alleged "right to cancel" the
18
19   agreement they voluntarily entered or otherwise treated differently on the basis of race.

20                                    **CONCLUSION**

21       For the foregoing reasons, judgment for defendants is **GRANTED** as to plaintiffs' claims

22   under federal law.  Pursuant to 28 U.S.C. 1367(c)(3), the Court declines to exercise

23   supplemental jurisdiction over plaintiffs' remaining claims arising under state law.  These

24   claims are immediately **REMANDED** to the Superior Court for Alameda County.  As to

25   defendants Shumey Mamo, Hayward R. Cook, Jr., Jennifer Larget and Edward Gunther, for

26   whom there is no valid proof of service on file, the complaint is **DISMISSED** in its entirety.

         **IT IS SO ORDERED.**
27
     Dated:  November 10, 2005
28
                                    _____
                                    WILLIAM ALSUP
                                    UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California